UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**DAVID KREZIC,**

      **Plaintiff,**

v.

              14-CV-0888S(Sr)

**ALLIANCE ONE RECEIVABLES**
  **MANAGEMENT, INC.**

and

**NASSAU COUNTY TPVA,**

      **Defendants**

---

## REPORT, RECOMMENDATION AND ORDER

  This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #18.

  Plaintiff, represented by counsel, filed this action on October 24, 2014. Dkt. #1. Defendants moved to dismiss the complaint for failure to state a claim. Dkt. #11 & Dkt. #13. In response, plaintiff filed a motion to amend his complaint. Dkt. #16 & Dkt. #17. Because the amended complaint was filed prior to the filing of a responsive pleading, however, it can be filed as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course with . . . 21 days after service of a motion under 12(b), (e), or (f). . .").

When a plaintiff amends the complaint while a motion to dismiss is pending, the Court has a variety of ways in which it can respond, including denying the motion to dismiss as moot or considering the merits of the motion in light of the amended complaint.  *Sussman-Automatic Corp. v. Spa World Corp.,* 15 F. Supp.3d 258, 265 (E.D.N.Y. 2014), *quoting Roller Bearing Company of America v. American Software, Inc.*, 570 F. Supp.2d 376, 384 (D. Con. 2008).

As defendants opposed the motion to amend the complaint on the ground that the amended complaint fails to state a claim (Dkt. #21 & Dkt. #22), and plaintiff responded to defendants' arguments (Dkt. #23), the Court will address the viability of the causes of action set forth in the amended complaint as if defendants had renewed their motion to dismiss upon the filing of the amended complaint as of right.

## **FACTUAL ALLEGATIONS**

On February 17, 2014, plaintiff's son was cited for driving plaintiff's automobile through a red light, in violation of New York State Vehicle & Traffic Law § 1111(d), in Nassau County, New York.  Dkt. #16-3, ¶ 12.

On April 22, 2014, Nassau County mailed plaintiff a "Delinquent Notice of Liability" seeking payment of $105 and warning plaintiff that his "[f]ailure to respond may result in collection proceedings being commenced against you for the enforcement of such fine."  Dkt. #16-3, ¶ 13 & Dkt. #16-4.

Plaintiff did not appear on the hearing date for the alleged traffic infraction. Dkt. #16-3, ¶¶ 14 & 16.

Nassau County turned the traffic fine over to AllianceOne for collection. Dkt. #16-3, ¶ 17.  AllianceOne mailed plaintiff a letter informing him that the traffic violation had been placed with AllianceOne "for immediate collection" and that:

> Non-payment may result in one or all of the following:
>
> - Suspension of your driving privileges
>
> - Judgment execution by the County Sheriff seizing your assets including: wages, bank accounts and vehicle
>
> - A negative entry placed on your credit record

Dkt. #16-3, ¶ 18 & Dkt. #16-5.

Plaintiff has been receiving Supplemental Security Benefits ("SSI") for over the past five years.  Dkt. #16-3, ¶ 24.  The letter from AllianceOne caused him to believe that he no longer had control over his Social Security benefits.  Dkt. #16-3, ¶ 25.

## DISCUSSION AND ANALYSIS

Plaintiff's complaint alleges two causes of action: (1) AllianceOne, acting under color of state law by virtue of Nassau County's delegation of their governmental authority to collect traffic fines, violated plaintiff's rights under 42 U.S.C. § 407, the anti-

alienation provision of the Social Security Act, in violation of 42 U.S.C. § 1983; and (2) AllianceOne engaged in deceptive and misleading acts in violation of New York General Business Law § 349.  Dkt. #16-3.

Defendants argue that the complaint fails to state a claim because plaintiff makes no allegation that his SSI benefits were subject to execution, levy, attachment, garnishment or other legal process.  Dkt. #21, pp.12-14 & Dkt. #22, pp.13 & 20.  Thus, defendants argue that plaintiff fails to present an actual controversy for this Court to resolve.  Dkt. #22, p.14. With respect to the General Business Law claim, defendants argue that the Court should decline to exercise supplemental jurisdiction over a purely state law claim.  Dkt. #21, pp.15-17 & Dkt. #22, pp.14 & 21.

Plaintiff argues that AllianceOne's letter qualifies as other legal process so as to state a valid claim.  Dkt. #16, pp.12-16 & Dkt. #23, p.7.

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Id.* at 679. "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that the challenged conduct was committed by a person acting under color of state law; and (2) that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 creates no new substantive rights; it merely provides a federal cause of action for the violation of federal rights that are independently established either in the Federal Constitution or in federal statutory law. *Nevada v. Hicks*, 533 U.S. 353, 404 (2001). The Supreme Court has noted that the statute "'means what it says' and authorizes suits to enforce individual rights under federal statutes as well as the Constitution." *City of Rancho Palis Verdes v. Abrams*, 544 U.S. 113, 119 (2005), *quoting Maine v. Thiboutot*, 448 U.S. 1, 4 (1980). Thus, Section 1983 provides a cause of action for violation of the Social Security Act, including 42 U.S.C. § 407(a). *Sykes v. Bank of America*, 723 F.3d 399, 405 n.4 (2d Cir. 2013),

The anti-alienation provision provides that: "[t]he right of any person to any future payment under this subchapter shall not be transferable, or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this

subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." 42 U.S.C. § 407(a). In *Robbins v. DeBuono*, the Court of Appeals for the Second Circuit considered whether the threat of a lawsuit to recover Medicaid payments for an institutionalized spouse from the community spouse constituted "other legal process" as set forth in 42 U.S.C. § 407(a).  218 F.3d 197, 201 (2d Cir. 2000), *cert. denied*, 531 U.S. 1071 (2001). Recognizing that the Second Circuit had employed an expansive definition of legal process, embracing not only the use of formal legal machinery but also resort to express or implied threats and sanctions, the Court of Appeals opined that "threats – implicit or explicit – fall within the definition of 'legal process.'"  *Id.* at 201-02.

Subsequently, however, the United States Supreme Court determined that "'other legal process' should be understood to be process much like the processes of execution, levy, attachment, and garnishment, and at a minimum, would seem to require utilization of some judicial or quasi-judicial mechanism, though not necessarily an elaborate one, by which control over property passes from one person to another in order to discharge or secure discharge of an allegedly existing or anticipated liability." *Washington State Dep't of Social & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003).  District courts within the Second Circuit recognized that *Keffeler* took a more restrictive view of "other legal process" than that set forth in *Robbins. See Wojchowski v. Novello,* No. 05-CV-6576, 2006 WL 1888589, at *3 (W.D.N.Y. July 7, 2006) (recognizing that Supreme Court's narrow interpretation of "other legal process" is binding);  *Ruck v. Novello*, 295 F. Supp.2d 258, 263-65 (W.D.N.Y. 2003) (Section 407(a) intended to prevent Social Security benefits from

being alienated through legal process).  On appeal of *Wojchowski*, the Court of Appeals conceded that "*Robbins's* holding cannot survive *Keffeler*" and is "no longer good law." *Wojchowski v. Daines*, 498 F.3d 99, 101 & 109 (2d Cir. 2007).  In reaching this conclusion, the Court of Appeals noted three essential characteristics which define an impermissible legal process pursuant to *Keffeler*: (1) the process is judicial or quasi-judicial; (2) the process transfers control of property from one person to another; and (3) the process is applied in order to discharge or secure discharge of an allegedly existing or anticipated liability.  *Id.* at 109.

In the instant case, AllianceOne's letter was not mailed as part of a judicial or quasi-judicial process and it does not transfer control of property from plaintiff to AllianceOne or Nassau County.  To the extent that the letter threatens utilization of such a process to execute on the judgement obtained following plaintiff's failure to contest the traffic violation, the cases set forth above demonstrate that such a threat is insufficient to invoke the protections of the anti-alienation provision of the Social Security Act as necessary to state a viable claim pursuant to 42 U.S.C. § 1983.  Therefore, it is recommended that the federal claim be dismissed with prejudice.  In accordance with 28 U.S.C. § 1367(c), it is further recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claim and dismiss plaintiff's claim pursuant to New York General Business Law § 349 without prejudice. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

## **CONCLUSION**

For the foregoing reasons, it is recommended that the amended complaint be dismissed.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**     Buffalo, New York
              May 1, 2015

            *s/ H. Kenneth Schroeder, Jr.*
            **H. KENNETH SCHROEDER, JR.**
            **United States Magistrate Judge**