UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID KREZIC,

              Plaintiff

v.                                               **DECISION AND ORDER**
                                                    14-CV-888S
ALLIANCE ONE RECEIVABLES
MANAGEMENT, INC., and NASSAU COUNTY
TPVA,

              Defendants.

      1. This Court previously referred the matter to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) to prepare and file a report and recommendation containing findings of fact, conclusions of law, and a recommended disposition on any dispositive motion. On January 29, 2015, Defendant Nassau County TPVA (Transportation and Parking Violations Agency) filed a motion to dismiss, and Defendant Alliance One Receivables Management, Inc., filed its own similar motion to dismiss on February 13, 2015. Plaintiff responded with a motion to file an Amended Complaint on February 17, 2015.

      2. On May 1, 2015, Judge Schroeder filed a Report and Recommendation in which he found that Plaintiff had timely filed his Amended Complaint as of right, and further found that because both Defendants argued that this new pleading also failed to state a claim, the Magistrate Judge would consider the viability of Plaintiff's causes of action as stated in the Amended Complaint. Judge Schroeder then recommended that Defendants' motions be granted and the Amended Complaint be dismissed based on Plaintiff's failure to state a violation of 42 U.S.C. § 407 actionable pursuant to 42 U.S.C. § 1983.

3. Even reviewing Plaintiff's objection (Docket No. 25 at 21-23) *de novo*, this Court agrees with the Magistrate Judge that the Amended Complaint fails to state an actionable claim. See generally 28 U.S.C. § 636(b)(1)(C) (a district court will review *de novo* those portions of the report and recommendation to which proper objections are made); see also United States v. Gardin, 451 F. Supp. 2d 504, 507-8 (W.D.N.Y. 2006) (where an objection consists of the arguments previously raised before the magistrate judge, review for only clear error is appropriate). Contrary to Plaintiff's argument, the perceived implicit threat against his social security benefits in the collection letter does not constitute an impermissible legal process following the Second Circuit's decision in Wojchowski v. Daines, 498 F.3d 99 (2d Cir. 2007) (abrogating Robbins v. DeBuono, 218 F.3d 197 (2d Cir. 2000)).

4. In light of this conclusion, this Court also dismisses Defendant Alliance One's motion to file a sur-reply and Plaintiff's motion to strike that sur-reply as moot. In the absence of a properly stated violation of federal law, the alleged violation of New York state regulations is irrelevant to Plaintiff's § 1983 claim.

IT HEREBY IS ORDERED, that this Court ACCEPTS Judge Schroeder's May 1, 2015 Report and Recommendation (Docket No. 24) in its entirety;

FURTHER, that Plaintiff's Objection (Docket No. 25) is DENIED;

FURTHER, that Defendants' motions to dismiss (Docket Nos. 11, 13), construed as moving to dismiss the timely filed Amended Complaint (Docket No. 16) are GRANTED and that pleading is dismissed;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: August 23, 2015
       Buffalo, New York

       /s/William M. Skretny
       WILLIAM M. SKRETNY
       United States District Judge